**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| **WINFRED MILES JR. #1412139** | § | |
| | § | |
| **V.** | § | **A-07-CA-240-LY** |
| | § | |
| **HAYS COUNTY JAIL**[1] | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Holliday Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. He previously had been incarcerated in the Hays County Jail.

---

[1] Plaintiff misspells the county as "Hay." The county is "Hays," and the Court's records will reflect the proper spelling.

Dockets.Justia.com

Plaintiff alleges on January 21, 2007, he noticed water on the floor of his dorm.  He asserts

he asked the "boss man" for a mop and was told he could mop it up after dinner.  While waiting for

the mop, Plaintiff alleges he slipped in the water and injured his neck and back.  Plaintiff admits he

received medical treatment for his injury.  Plaintiff maintains he still has pain in his neck and back.

Plaintiff sues the Hays County Jail for pain and suffering.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e)

if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and

before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as

liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's

pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to

harass others, clog the judicial machinery with meritless litigation and abuse already overloaded

court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Entities Not Capable of Being Sued

The Hays County Jail is not a legal entity capable of being sued.  See, Guidry v. Jefferson

County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County

Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311

(5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without

2

capacity for independent legal action).  Accordingly, the Court construes Plaintiff's claims as if they

were brought against Hays County.

     C.       Personal Injury Claims

A plaintiff may maintain a civil rights suit only if he can show an abuse of government power

that rises to a constitutional level.  Love v. King, 784 F.2d 708, 712 (5th Cir. 1986);  Williams v.

Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019, 101 S. Ct. 3009 (1981).  The

Supreme Court has held that many acts that might constitute a violation of state tort law do not

amount to constitutional violations.  Baker v. McCollan, 443 U.S. 137, 146, 99 S. Ct. 2689, 2695-96

(1979).  See also, Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  It is well settled that

negligence on the part of jail officials does not give rise to civil rights claims.  Daniels v. Williams,

474 U.S. 327, 106 S. Ct. 662 (1986); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995);  Simmons

v. Poppell, 837 F.2d 1243, 1244 (5th Cir. 1988).  In Daniels, the Supreme Court held that claims

originating from a jailer leaving a pillow on the floor and a prisoner slipping and falling over the

pillow constitutes a state tort claim for negligence and does not amount to a civil rights claim under

42 U.S.C. § 1983.  To the extent Plaintiff complains of his slip and fall, Plaintiff's allegations at most

amount to a state claim of negligence, which are not cognizable under § 1983.

Additionally, a political subdivision cannot be held responsible for a deprivation of a

constitutional right merely because it employs a tortfeasor; in other words a local government unit

cannot be held responsible for civil rights violations under the theory of respondeat superior.

Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).  The standard for holding a local government

unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to

be subjected to the deprivation of a constitutional right.  Id; Collins v. City of Harker Heights, Tex.,

916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992). Thus, Hays County

would violate an individual's rights only through implementation of a formally declared policy, such

as direct orders or promulgations or through informal acceptance of a course of action by its

employees based upon custom or usage. Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir.

1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985). Plaintiff failed to identify a policy,

practice or custom of Hays County that caused a deprivation of his constitutional rights.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for

failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than

three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for

failure to state a claim on which relief may be granted, then he will be prohibited from bringing any

other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28

U.S.C. § 1915(g).

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing

objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections.

Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and

file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of March, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE